UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CURTIS W. BEASLEY,

Applicant,

v. CASE NO. 8:09-cv-1962-SDM-TGW
**DEATH CASE**

SECRETARY, Department of Corrections,

Respondent.
_____________________________________/

**ORDER**[1]

Beasley is imprisoned for the 1995 murder of Carolyn Monfort and is scheduled for execution on Tuesday, September 29, 2026. An earlier order (Doc. 21) denies Beasley's application for the writ of habeas corpus. Both the district court and the circuit court declined to issue a certificate of appealability (Docs. 21 and 30), and the Supreme Court denied Beasley's petition for the writ of *certiorari*. (Doc. 31) Three years later Beasley moved under Rule 60(b), Federal Rules of Civil Procedure, for relief from judgment, which the district court denied. (Docs. 32 and 35) Twelve years later Governor DeSantis issued the pending warrant for Beasley's execution.

Beasley files two motions: an emergency motion to stay execution (Doc. 36) and a motion (Doc. 37) under Rule 60(b), Federal Rules of Civil Procedure, for relief from

---

[1] This action was originally assigned to the Honorable Virginia M. Hernandez Covington but was re-assigned upon the filing of the instant motion because Judge Covington has assumed senior status and no longer accepts habeas cases. (Doc. 38)

judgment. Under an expedited schedule (Doc. 40), the respondent responded[2] and Beasley replied. (Docs. 41 and 42)

Beasley moves for relief from judgment under Rule 60(b)(2), which authorizes a motion based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e)." Beasley represents that his motion is based on newly discovered evidence, specifically, that Beasley's advanced age and cognitive decline — as shown by recent testing — renders his execution unconstitutional under the Eighth Amendment. Alternatively, Beasley asserts that his claim may proceed under Rule 60(b)(6)'s "catch-all" provision: "any other reason that justifies relief." Whether Rule 60(b)(2) or 60(b)(6) governs is especially important because the pending motion was filed sixteen years after entry of the judgment. Under Rule 60(c), a motion for relief from judgment "must be made within a reasonable time — and for reasons (1), (2), or (3) no more than a year after the entry of the judgment . . . ." Consequently, Beasley's motion is untimely if it must proceed under only Rule 60(b)(2).

A movant cannot proceed under Rule 60(b)(6) as an alternative to proceeding under Rule 60(b)(2) because the "newly discovered evidence" provision in the latter

[2] Contrary to the respondent's argument, the district court concurs with Beasley's position that, because he challenges his sentence and not his conviction, he is ineligible to file a second or successive application under Section 2244(b)(2)(B) based on newly discovered evidence. *See In re Hill*, 715 F.3d 284, 297 (11th Cir. 2013) ("Given the plain and unambiguous language in the statute, this Court repeatedly has held that federal law does not authorize the filing of a successive application under § 2244(b)(2)(B) based on a sentencing claim even in death cases."); *In re Provenzano*, 215 F.3d 1233, 1237 (11th Cir. 2000) ("Provenzano's innocence-of-the-death-penalty claim does not fit within either § 2244(b)(2) exception.").

governs a "newly discovered evidence" claim. In other words, a movant's eligibility to proceed under any of the first five provisions, Rule 60(b)(1) – (5), precludes his proceeding under the "catch-all" provision in Rule 60(b)(6), as *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025) (brackets original), explains:

> Rule 60(b)(6) is a catchall that follows paragraphs (1) through (5). It covers "any other reason" that justifies relief; that is, Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs. Were it otherwise, the catchall provision could swallow the preceding paragraphs and "b[e] used to circumvent" their time bars. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988). Such a broad interpretation of Rule 60(b)(6) would thus violate a "cardinal principle of statutory construction" by making the preceding paragraphs and their limitations periods "superfluous." *Duncan v. Walker*, 533 U.S. 167, 174, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (internal quotation marks omitted). . . .

*Accord Kemp v. United States*, 596 U.S. 528, 533 (2022) ("Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable.").

If Rule 60(b)(2) governs, Beasley's motion is untimely. In his reply Beasley contends that *Kemp's* preclusion against proceeding under the catch-all provision is inapplicable because the basis for his claim — cognitive decline — did not exist within the one-year deadline. Beasley cites no case that directly relies on such a timing distinction, and this district court is disinclined to establish that distinction. As a consequence, Beasley's motion under Rule 60(b)(2) is untimely.

Alternatively, Beasley would be entitled to no relief even if he could proceed under the catch-all provision in Rule 60(b)(6), which requires a showing of

"extraordinary circumstances." *BLOM Bank*, 605 U.S. at 207 ("We have consistently held that only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall."). Beasley's asserted "extraordinary circumstance" is his "recent age-related cognitive decline." (Doc. 42 at 3) However, the respondent correctly argues that Beasley's condition does not qualify for an exemption from execution (Doc. 41 at 8–9):

> The United States Supreme Court has recognized only three categorical exemptions from execution under the Eighth Amendment: (1) individuals who are mentally incompetent at the time of execution, *Ford v. Wainright*, 477 U.S. 399, 405 1986); (2) individuals who are intellectually disabled, *Atkins v. Virginia*, 536 U.S. 304, 317 (2002); and (3) individuals who were under the age of 18 at the time of their capital offense, *Roper v. Simmons*, 543 U.S. 551, 578 (2005). Beasley does not qualify for any of these categories nor contend that he does. Rather, he argues that these cases should be extended to him.

Beasley cites no case that extends the holdings in *Ford*, *Atkins*, or *Roper* to a person with "age-related cognitive decline," and this district court is disinclined to establish such an extension. Consequently, even if he could proceed under Rule 60(b)(6), Beasley is entitled to no relief from judgment.

Beasley's motion (Doc. 37) under Rule 60(b), Federal Rules of Civil Procedure, for relief from judgment and his motion (Doc. 36) for a stay of execution are **DENIED**.

**DENIAL OF BOTH**
**A CERTIFICATE OF APPEALABILITY**
**AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Beasley must obtain a certificate of appealability ("COA") to appeal the denial of a motion under Rule 60, Federal Rules of Civil Procedure. *Jackson v. Crosby*, 437 F.3d 1290, 1294–95 (11th Cir. 2006) ("It is still the law of this circuit that a 'certificate of

appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'") (quoting *Gonzalez v. Sec'y, Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004), *aff'd* 545 U.S. 524 (2005)).

Beasley is not entitled to a COA. A prisoner applying under Section 2254 has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Beasley must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the motion is both untimely and meritless, Beasley is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Beasley must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 24, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE